IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DAVID NICHOLAS WOITEL,

          Plaintiff,

v.

THEODORE GLENN BROOK and KATHI FORGUE,

          Defendants.

Case No. 3:25-cv-00095-SLG

## SCREENING ORDER

On May 19, 2025, self-represented prisoner David Nicholas Woitel filed a civil complaint against his probation officer Theodore Glenn Brook and Mr. Brook's supervisor Kathi Forgue.[1] Plaintiff claims the conditions of his probation violate his civil rights.[2] For relief, Plaintiff seeks monetary damages and protection from future civil rights violations.[3] The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

---

[1] Docket 1.

[2] Docket 1 at 5.

[3] Docket 1 at 5.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7]

Although the scope of review is generally limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

---

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 2 of 13
Case 3:25-cv-00095-SLG     Document 8     Filed 10/20/25     Page 2 of 13

notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] A complaint must give each defendant fair notice of what the plaintiff's claim against that specific defendant is

---

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[10] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 3 of 13
Case 3:25-cv-00095-SLG    Document 8    Filed 10/20/25    Page 3 of 13

and the grounds upon which that claim rests.[14] A federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[15] and it is not a court's responsibility to review filings or exhibits to identify possible claims.[16]

## II.  Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[17] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[18] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[19] Section 1983 does not confer

---

[14] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

[15] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[16] *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that it is not a district court's task "to scour the record" for support for the parties' arguments). *Cf. Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) (concluding that evidence supporting a party's filing should be "set forth in the ... papers with adequate references so that it could conveniently be found").

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[19] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 4 of 13
Case 3:25-cv-00095-SLG     Document 8     Filed 10/20/25     Page 4 of 13

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[20]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[21] A supervisor can be held liable in her individual capacity under §1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[22]

### III. Plaintiff fails to state a claim

The Complaint does not allege a specific injury resulting from the conduct of a particular defendant or any necessary facts to support Plaintiff's claims. Rather, Plaintiff requests that the Court review the appeal he states he "submitted to Theodore Brook."[23] While Plaintiff asserts that he submitted an appeal in the State of Alaska and forwarded that appeal to the State of Minnesota, he did not provide any supporting documentation to this Court.

It is a plaintiff's responsibility to gather and plead the necessary facts to

---

[20] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[21] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[22] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[23] Docket 1 at 5.

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 5 of 13
Case 3:25-cv-00095-SLG   Document 8   Filed 10/20/25   Page 5 of 13

support his claims. The Court does not conduct independent research when screening a complaint. Although a plaintiff may attach relevant documents to a complaint, he must include all relevant information in the body of the complaint itself and include in the complaint specific citations to any attachments filed in support of his claims. Although Plaintiff may have intended to attach appeal documentation to his filing with this Court, no such documentation is on the Court's docket.

Liberally construed, Plaintiff alleges that his probation officer and his supervisor violated Plaintiff's civil rights. Plaintiff implies that as a result of these unspecified violations, he lost his permanent full-time employment and had to relocate out of Alaska. He seeks monetary damages for lost wages, future lost wages until he retires in 28 years, the value of two vehicles he left behind in Alaska, travel expenses to Minnesota, and compensation for pain and suffering.[24]

Although Plaintiff claims that since he filed an appeal of the probation conditions and that PO Brook "has added and/or enforced more conditions and has further violated [his] rights and knowingly and willingly did so,"[25] it is unclear whether Plaintiff is challenging the conditions imposed as part of a state court's sentencing order or challenging discretionary decisions made by an individual defendant. It is also unclear how Plaintiff's probation conditions resulted in his loss

---

[24] Docket 1 at 5.

[25] Docket 1 at 4.

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 6 of 13
Case 3:25-cv-00095-SLG    Document 8    Filed 10/20/25    Page 6 of 13

of employment and under what circumstances Plaintiff relocated to Minnesota.

According to Plaintiff's application to proceed without paying the filing fee, Plaintiff was last employed by Swissport at the Ted Stevens Anchorage International Airport.[26] Plaintiff's employment was reportedly terminated on May 7, 2025,[27] and he relocated to Minnesota on May 28, 2025.[28] However, the Complaint fails to explain how, when, or why Plaintiff lost his last job, or why Plaintiff believes he is entitled to 28 years of damages for his alleged loss of earnings until he reaches retirement age.[29] The Complaint also fails to explain why Plaintiffs believes defendants are responsible for the loss of two vehicles he allegedly left in Alaska or his airline ticket to Minnesota.

Because the Complaint provides no facts giving rise to the alleged violations, it must be DISMISSED for failure to state a claim.[30] However, Plaintiff is granted leave to file an amended complaint that gives each defendant fair notice of what Plaintiff's claim is against that specific defendant and the specific grounds upon which that claim rests.[31] An amended complaint must describe the specific action(s) each defendant took, when that action was taken, and how that action

---

[26] Docket 2 at 2.

[27] Docket 2 at 2.

[28] Docket 7 (Notice of Change of Address)

[29] *See* Docket 1 at 5 (calculating lost future wages from his current age of 37 through retirement at age 65).

[30] *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants.").

[31] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 7 of 13
Case 3:25-cv-00095-SLG    Document 8    Filed 10/20/25    Page 7 of 13

resulted in injury or harm to Plaintiff. An amended complaint must not include claims against Defendant Forgue in her supervisory capacity based solely on the theory that she is liable for the unconstitutional conduct of her subordinate.[32]

Further, federal courts are extremely limited in when they may intervene in state criminal cases, whether those cases are ongoing or already concluded. This limitation arises from fundamental principles of federalism and comity—the recognition that the enforcement of state criminal laws is the responsibility of the state courts, not the federal judiciary. Specifically, the *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[33] the *Rooker–Feldman* doctrine bars claims that would require a federal court to review and invalidate a state court decision;[34] and the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief.[35] Similarly, under the federal full faith and credit statute,[36] a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state.[37]

---

[32] *Iqbal,* 556 U.S. at 679

[33] *Younger v. Harris*, 401 U.S. 37 (1971).

[34] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

[35] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[36] 28 U.S.C. § 1738.

[37] *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. §

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 8 of 13
Case 3:25-cv-00095-SLG   Document 8   Filed 10/20/25   Page 8 of 13

If a Plaintiff seeks only to shorten his probation term or invalidate his state court conviction—and not monetary damages—he may bring his clams in federal court by filing a petition for a writ of a habeas corpus pursuant to 28 U.S.C. § 2254, but only after first exhausting his state court remedies.[38] If a plaintiff's claims would not necessarily result in the termination of probation or otherwise imply, either directly or indirectly, the invalidity of the criminal judgment underlying a term of probation, a plaintiff may be able to bring a claim for damages under Section 1983.[39] However, the Ninth Circuit has held repeatedly that probation officers are absolutely immune from suits arising from the imposition of parole or probation conditions. In contrast, probation officers are not entitled to absolute immunity when they are performing investigatory or law enforcement functions.[40]

Because the nature of Plaintiff's claims is unclear, the Court cannot determine whether it has subject matter jurisdiction over Plaintiff's claims or

---

1738 generally requires federal courts to give state court judgments the same *res judicata* effect that they would be given by another court of that state."); *Bianchi v. Rylaarsdam,* 334 F.3d 895, 901 (9th Cir. 2003) (quotations and citation omitted) ("If the injury alleged is distinct from [the state court's] judgment, *i.e.*, the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment, ... *res judicata* may apply, but *Rooker–Feldman* does not.").

[38] *Shinn v. Ramirez,* 596 U.S. 366, 378 (2002) (("Ordinarily, a state prisoner satisfies [the state court remedies] exhaustion requirement by raising his federal claim before the state courts in accordance with state procedures.").

[39] *Thornton v. Brown,* 757 F.3d 834, 845–46 (9th Cir. 2013); *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005).

[40] *Swift v. California,* 384 F.3d 1184, 1189 (9th Cir. 2004) ("Absolute immunity has also been extended to parole officials for the imposition of parole conditions ..."); *Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021) ("This immunity applies even where parole officers 'impos[e] allegedly unconstitutional parole conditions.' ") (citing *Thornton v. Brown*, 757 F.3d 834, 839–40); *Miller,* 335 F.3d at 895–96 (recognizing the "common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process").

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 9 of 13
Case 3:25-cv-00095-SLG     Document 8     Filed 10/20/25     Page 9 of 13

whether any procedural barriers apply. However, Alaska law explicitly gives the state sentencing court the authority to set probation conditions and to "revoke or modify any condition of probation, change the period of probation, or terminate probation."[41] A probationer may file a motion in his state criminal case seeking to modify or vacate a specific probation condition. A state criminal defendant may also challenge the validity of his sentence through the State's direct appeal process or through post-conviction relief proceedings.[42] Therefore, any relief Plaintiff seeks may be more appropriately pursued in the state courts. Nonetheless, although amendment of Plaintiff's federal claims is likely futile,[43] the Court grants Plaintiff **60 days** to file an amended complaint.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[44] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[45] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an

---

[41] *See* Alaska Stat. §§ 12.55.080, 12.55.090, 12.55.100.

[42] *Galindo v. State,* 481 P.3d 686, 691 (Alaska Ct. App. 2021).

[43] *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile).

[44] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[45] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 10 of 13
Case 3:25-cv-00095-SLG    Document 8    Filed 10/20/25    Page 10 of 13

amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[46] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[46] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 11 of 13
Case 3:25-cv-00095-SLG    Document 8    Filed 10/20/25    Page 11 of 13

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within **60 days** of the date of this order, this case shall be dismissed without further notice to Plaintiff, for failure to state a claim.

4. Plaintiff's application to waive payment of the filing fee at **Docket 2 is GRANTED.**

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[47] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[47] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 12 of 13
Case 3:25-cv-00095-SLG   Document 8   Filed 10/20/25   Page 12 of 13

6.      At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[48] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

7.      With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 20th day of October, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

"attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[48] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00095-SLG, *Woitel v. Brook, et al.*
Screening Order
Page 13 of 13
Case 3:25-cv-00095-SLG    Document 8    Filed 10/20/25    Page 13 of 13